IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RICHARD NEHLS, | ) | |
|---|---|---|
| Petitioner, | ) | 8:19CV287 |
| V. | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

Pending before me is a petition for writ of habeas corpus. It is clear that Petitioner intends to attack the conviction imposed in Buffalo County, Nebraska, regarding sexual assault.[1] Petitioner is now being held at the Norfolk Regional Center, a state mental institution.

The only attempt to state a claim is this: "They say I the one did the crime." (Filing no. 1 at CM/ECF pp. 5 ¶ 12 (Ground One).) Under supporting facts, Petitioner states: "No I do not argue on this." (*Id*. at ¶ 12(a).)

Assuming Petitioner intends to allege that he is innocent of the crime for which he stands convicted, the Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. *See House v. Bell*, 547 U.S. 518, 554–55 (2006). The Court has established, however, that the threshold for any such claim, if it were recognized, would be "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417

---

[1] After a plea of nolo centendere, the Petitioner was convicted of attempted first degree sexual assault of a child and third degree sexual of a child. *State of Nebraska v. Nehls*, Case No. CR 10-206, District Court of Buffalo County, Nebraska. I take judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the *Justice* site, https://www.nebraska.gov/justice/case.cgi

(1993). The threshold, if it exists, would require "more convincing proof" than the "gateway" standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of actual innocence. The "extraordinarily high" threshold, if recognized, would be even higher. *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014).

Suffice it to state that the pending petition does not meet the extraordinarily high bar. Moreover, since Petitioner has stated that he does not wish to argue his claim, it plainly appears from the face of the petition that Petitioner is not entitled to relief. See *Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts*. I will therefore dismiss this matter with prejudice.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition (filing no. 1) is denied and dismissed with prejudice.

2. The court will not issue a certificate of appealability in this matter.

3. The court will enter a separate judgment in accordance with this order.

DATED this 8th day of July, 2019.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge